**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

ERROL GREGORY MEZA II,

        Plaintiff,                            Case No. 1:22-cv-179

              v.                          Judge Michael R. Barrett

DYNAMIC RECOVERY
SOLUTIONS, LLC, *et al.*,

        Defendants.

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint.  (Doc. 6, filed 4/8/2022.)  Under the local rules, Plaintiff's response was due no later than May 2, 2022.  *See* S.D. Ohio Civ. R. 7.2(a)(2); *see also* Fed. R. Civ. P. 6(d).  Plaintiff did not file a response by that date, or by May 31, 2022, the date specified in the May 9, 2022 Order to Show Cause issued by the Magistrate Judge.  (Doc. 7 PAGEID 21 ("Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing on or before **May 31, 2022**, why Defendants' motion to dismiss (doc. 6) should not be construed as unopposed and granted for the reasons stated.  Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants' motion by the May 31, 2022 deadline.")).

**Background.**  Proceeding *pro se*, Plaintiff Errol Gregory Meza II filed a Small Claims Complaint in Clermont County Municipal Court (seated in Batavia, Ohio) against two defendants, Dynamic Recovery Solutions and Brenda Smith.  (Doc. 2).  His "Statement of Claim" reads: "2 fraudulent accounts were created without my knowledge,

1

consent, or signature.  The 2 fraudulent accounts are affecting my credit report.  Both are fraud and fictitious obligations."  (*Id.* PAGEID 8).    Plaintiff seeks $4,000.00 in damages, plus interest (from October 15, 2021 at a rate of 7% per year) and costs.  (*Id.*).  Defendants were served (via USPS Certified Mail) on March 12, 2022.  (Doc. 1 (¶ 1)).  They timely removed this action here (on April 4, 2022) on the basis of federal question jurisdiction.  (*Id.* (¶¶ 4–9)); *see* 28 U.S.C. §§ 1331,1446(b).  As noted, Defendants filed the instant motion (pursuant to Fed. R. Civ. P. 12(b)(6)) on April 8, 2022.  (Doc. 6).  They ask the Court to dismiss Plaintiff's Complaint with prejudice.  (*Id.* PAGEID 18, 20).

**Standard of law.**  Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face."  *Id.* at 570 (emphasis added).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true.  *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

**Discussion.**  Plaintiff's allegation that fraudulent accounts are affecting his credit

report exclusively implicates the federal Fair Credit Reporting Act ("FCRA").[1]  He appears to complain that Defendants have reported—that is, furnished—inaccurate information to (unspecified) credit bureaus.  "Furnishers" of information to credit bureaus are governed by 15 U.S.C. § 1618s-2.  As the Sixth Circuit explains:

> "Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004); *see* 15 U.S.C. § 1681s-2.  **The FCRA "creates a private right of action" for consumers to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute**, but not the requirement under § 1681s-2(a) that furnishers of information initially provide accurate information to consumer reporting agencies.  *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012).

*Scott v. First S. Nat'l Ba*nk, 936 F.3d 509, 517 (6th Cir. 2019) (emphasis added).

Defendants correctly argue that Plaintiff has no private right of action to sue them for (allegedly) *furnishing* inaccurate information*.  See Boggio*, 696 F.3d at 615 ("§ 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a [consumer reporting agency]").  Defendants also correctly argue that Plaintiff cannot proceed on the theory that they (allegedly) *failed to investigate* whether the information they furnished was accurate.  This is so because Plaintiff's "Statement of Claim" does not include any mention of him filing a dispute over the accuracy of the information, which, in turn, triggers the duty to investigate.  *See Scott*, 936 F.3d at 517 ("This Court has

---

[1] *See* 15 U.S.C. § 1681 *et seq.*

repeatedly held that consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s-2(b).") (citing, *inter alia*, *Boggio*). As pled, therefore, Plaintiff's FCRA claim is not plausible on its face. *See Twombly*, 550 U.S. at 570.

The Court will grant Defendants' Rule 12(b)(6) Motion, but the dismissal will be without prejudice. Under the statute, Plaintiff (as consumer) remains entitled to bring a private right of action against Defendants (as furnisher), but only *after* he has reported the (alleged) inaccurate information to a consumer reporting agency.[2] Plaintiff's FCRA claim is properly dismissed, then, but without prejudice to refiling should he elect to comply with the statutory requirements. *Ventre v. Synchrony Bank*, No. 1:21-cv-797, 2022 WL 974343, at *2 (S.D. Ohio Mar. 31, 2022).

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 6) is **GRANTED**, but **WITHOUT PREJUDICE** to refiling should Plaintiff elect to comply with the "Procedure in case of disputed accuracy" set forth in 15 U.S.C. § 1681i.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[2] The United States Consumer Financial Protection Bureau's website provides detailed instructions for disputing an error on a credit report by telephone, letter or electronically. https://www.consumerfinance.gov/ask-cfpb/how-do-i-dispute-an-error-on-my-credit-report-en-314/ (last visited June 3, 2022).